TRACY HOPE DAVIS
United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, New York 10004                    **HEARING DATE: June 1, 2011**
Telephone: (212) 510–0500                    **HEARING TIME: 10:00 a.m.**
By: Greg M. Zipes
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                              :    Case No. 11-11723 (SHL)
In re                                         :
                                              :     (Chapter 11)
THIRD TORO FAMILY LIMITED                     :
PARTNERSHIP,                                  :
                                              :
                    Debtor.                   :
                                              :
-------------------------------------------------------x

      PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying

memorandum of law and the declaration of Greg M. Zipes, Tracy Hope Davis, the United States

Trustee for Region 2 (the "United States Trustee"), will move this Court before the Sean H.

Lane, Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New

York, New York 10004 on June 1, 2011 at 10:00 a.m., or as soon thereafter as counsel can be

heard, for an order converting this Chapter 11 case to a Chapter 7 case or, in the alternative,

dismissing this Chapter 11 case, and for such other and further relief as this Court may deem just

and proper.  The original application is on file with the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 33 Whitehall Street, 21st Floor, New York, New York 10004-2112, to the attention of Greg M. Zipes, Esq., no later than three (3) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
May 9, 2011

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:     /s/ *Greg M. Zipes*
        Greg M. Zipes
        Trial Attorney
        33 Whitehall Street
        21st Floor
        New York, New York  10004-2112
        Tel. No. (212) 510-0500
        Fax. No. (212) 668-2255

To:
Third Toro Family Limited Partnership
639 West 46th Street
New York, New York 10036

Randy M. Kornfeld, Esq.
Kornfeld & Associates
17th Floor
New York, New York 10036

Gerard S. Catalanello, Esq.
Duane Morris LLP
1540 Broadway
New York, New York 10036

Paul Rubin, Esq.
Herrick, Feinstein LLP
Two Park Avenue
New York, New York 10016

Maurice W. McLaughlin, Esq.
McLaughlin & Nardi, LLP
37 Vreeland Avenue
Totowa, New Jersey 07512

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                           :   Case No. 11-11723 (SHL)

In re                         :

                           :  (Chapter 11)

THIRD TORO FAMILY LIMITED    :
PARTNERSHIP,                :

                           :

                 Debtor.     :

                           :
---------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER TO CONVERT
THIS CHAPTER 11 CASE TO A CHAPTER 7 CASE OR,
ALTERNATIVELY, TO DISMISS THIS CHAPTER 11 CASE**

TO THE HONORABLE SEAN H. LANE, UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion (the "Motion") of Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), for an order converting the Chapter 11 case of Third Toro Family Limited Partnership (the "Third Toro" or the "Debtor") to a Chapter 7 case, or in the alternative dismissing this Chapter 11 case.

## INTRODUCTION

Three bases exist to convert this case to one under Chapter 7 of the Bankruptcy Code or to dismiss this case. First, the Debtor is a corporation but has not retained counsel under Section 327 of the Bankruptcy Code. Second, cause exists because Third Toro has not filed its schedules of assets and liabilities and has not requested an extension of time to do so. Third, the Debtor's failure to file or appear and file the appropriate pleadings in this case represents a gross mismanagement of the estate.

## FACTS

Third Toro is one of four related cases filed by Helmer Toro in connection with his H&H bagel franchise. Third Toro is the bagel factory and store located on West 46th Street. Third Toro filed for Chapter 11 bankruptcy relief on April 13, 2011. This debtor has not yet filed its schedules and statement of financial affairs, or an affidavit under Local Bankruptcy

Rule 1007-2.[1]

1.  The Other Helmer Toro Bankruptcy Cases

    a.  Garden Operation Realty Limited Partnership

Garden Operation Realty Limited Partnership, Case No. 11-10668 (SHL) ("Garden"), filed for Chapter 11 bankruptcy relief on February 17, 2011. Kornfeld & Associates, P.C. ("Kornfeld") filed this case. According to the first page of the petition (Doc. No. 1), Garden is a bagel manufacturer with an address in New Jersey (the "New Jersey Premises"). (Doc. No. 1).

    b.  35 Real Estate LP

35 Real Estate LP, Case No. 11-489 (SHL) ("35 RELP"), is the landlord of Garden. On March 31, 2011, 35 RELP commenced a Chapter 11 case by filing a petition for bankruptcy relief. According to the first page of the petition (Doc. No. 1), 35 RELP is a single asset real estate case with an address at the New Jersey Premises. 35 RELP has not yet filed its schedules and statement of financial affairs and has not filed a retention application for counsel. The United States Trustee has filed a motion to convert this case to one under Chapter 7 of the Bankruptcy Code or dismiss this case, which is returnable on June 1, 2011 (Doc. No. 17).

    c.  First Toro Family Limited Partnership

First Toro Family Limited Partnership, Case No. 11-11229 (SHL), filed for Chapter 11 bankruptcy relief on March 21, 2011. According to the first page of the petition (Doc. No. 1), First Toro is a bagel store with an address at 2239 Broadway, New York, New York.[2] The United States Trustee has filed a motion to convert this case to one under Chapter 7 of the Bankruptcy Code or dismiss this case, which is returnable on June 1, 2011 (Doc. No. 20).

2.  Helmer Toro's Guilty Plea

On May 27, 2010, Helmer Toro, who signed all four bankruptcy petitions, pleaded guilty

---

[1]Because the Debtor failed to file a matrix of creditors, the Clerk of the Court has not yet scheduled a creditors' meeting under 11 U.S.C. § 341.

[2]The Petition, signed by Mr. Helmer Toro, gave the incorrect address of the bagel store.

to grand larceny for failing to pay more than $500,000 in employee withholding and unemployment insurance taxes. On July 22, 2010, Mr. Toro was sentenced to 50 weekends in jail and was required to pay restitution in the amount of $543,413. Mr. Toro began serving his sentence on July 24, 2010. See Zipes Decl. Ex. B.

## ARGUMENT

### A. Cause for Conversion or Dismissal for Failure to Retain Counsel

The Court shall convert or dismiss a case filed under Chapter 11 for cause. See 11 U.S.C. § 1112(b)(4). "Cause" to convert or dismiss is not limited to the expressly enumerated provisions of the statute. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause.'"); see also Alan N. Resnick, Henry J. Sommer, and Lawrence P. King, Collier on Bankruptcy ¶ 1112.01[2][a] (15th ed. 2006) (explaining section 1112(b) "simply enumerates examples of cause, . . . and a court may convert or dismiss a chapter 11 case for reasons other than those specified in section 1112(b) so long as the reasons are sufficient to demonstrate cause.").

Here, the Debtor is appearing pro se, as its counsel was never retained under the Bankruptcy Code. A corporation, or other artificial entity, may appear in the federal courts only through licensed counsel. Rowland v. California Men's Colony, 113 S. Ct. 716, 721 (1993); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (a corporation involved in a legal proceeding must be represented by counsel); Fed. R. Bankr. P. 9010 (Advisory Committee Note states that the rule does not purport to change prior holdings prohibiting a corporation from appearing pro se, citing In re Las Colinas Development Corp., 585 F.2d 7 (1st Cir. 1978)). The pro se filing of a chapter 11 petition by a corporation is impermissible. In re BSL Operating Corp., 57 B.R. 945, 947 (Bankr. S.D.N.Y. 1986). This Court should convert or dismiss this case on the ground that the Debtor has failed to retain counsel as required under applicable law.

3

**B.     Conversion or Dismissal Is Appropriate Under
        <u>Enumerated Provision of 11 U.S.C. § 1112(b)</u>**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court <u>shall</u> convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause."  11 U.S.C. § 1112(b)(1) (emphasis added).  Here, cause exists under the following provisions: "(B) gross mismanagement of the estate" and "(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter".

1.     <u>Failure to File Schedules and Other Documents</u>

The Debtor has violated 11 U.S.C. § 1112(b)(4)(F), which requires a debtor to comply with filing requirements.  <u>In re Landmark Atlantic Hess Farm, LLC</u>, No. 10–24656–DK, 2011 WL 831724, *6 (Bankr. D. Md. March 3, 2011) (cause to convert or dismiss the case found when the debtor failed to file monthly operating reports in a timely manner).  Upon the filing of a bankruptcy petition, or within 15 days thereafter, a debtor must file schedules of assets and liabilities and statement of financial affairs.  <u>See</u> 11 U.S.C. § 521(a)(1); Fed. R. Bankr.P. 1007(b)(1).  The Debtor has failed to file schedules and has not filed a motion to extend its time do so.  The Debtor has failed to file a Local Bankruptcy Rule 1007-2 statement.  The Debtor has thereby violated a basic disclosure requirement in this case.

2.     <u>The Debtor's Gross Mismanagement</u>

Gross mismanagement is an enumerated cause for conversion or dismissal of a Chapter 11 proceeding.  <u>Gateway Access Solutions, Inc.</u>, 374 B.R. 556, 566 (Bankr. M.D. Pa. 2007). The case has been in Chapter 11 protection for nearly one month without any indication that the Debtor is moving forward with a plan and disclosure statement.  The Debtor has failed to file pleadings that would provide creditors with necessary information to decide whether the Debtor is viable.  Failure of a debtor to properly report income and expenses constitutes evidence of "gross mismanagement" under § 1112(b)(4)(B).  <u>In re Halal 4 U LLC</u>, 2010 WL 3810860, *4

4

(Bankr. S.D.N.Y. 2010).  Under the circumstances, the Debtor will not be able to propose a feasible plan and the case should be converted to one under Chapter 7 of the Bankruptcy Code or dismissed.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case to a Chapter 7 case or, in the alternative, dismissing this Chapter 11 case, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
    May 9, 2011

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE


By:    /s/ *Greg M. Zipes*
    Greg M. Zipes
    Trial Attorney
    33 Whitehall Street
    21st Floor
    New York, New York 10004-2112
    Tel. No. (212) 510-0500