August 8, 2011

Yann Geron as Chapter 7 Trustee for Third Toro Family Limited Partnership
c/o Fox Rothschild LLP
100 Park Avenue, Suite 1500
New York, NY 10017

Mr. Geron:

By this agreement (this "Agreement"), Great American Group Real Estate LLC d/b/a GA Keen Realty Advisors (collectively, "Consultant"), agrees to act as a Special Real Estate Advisor to Yann Geron, as Chapter 7 Trustee ("Trustee") for Third Toro Family Limited Partnership ("Company"). Trustee hereby retains Consultant, upon the terms and conditions set forth below, as its Special Real Estate Advisor with respect to the disposition of Debtor's right, title and interest in its real property interest located at 639 W. 46th Street, New York, NY ("Property").

1. **Definitions**

The following terms as used herein have the following meanings.

   a. "Bankruptcy Court" means United States Bankruptcy Court for the Southern District of New York.

   b. "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

   c. "Gross Proceeds" means the sum of the total consideration transferred to, or for the benefit of, the Trustee or the Company. The computation of Gross Proceeds as well as the computation of Consultant's fee shall not be affected by the costs of advertising, Trustee's or Company's legal fees, break-up fees, Consultant's expenses nor any closing costs and/or adjustments, including but not limited to adjustments and/or payments of whatever kind to lienholders, secured parties or offerors.

   d. "Order" shall mean any applicable Order issued by the Bankruptcy Court approving this Agreement.

   e. "Transaction" means any transaction involving the Trustee's or the Company's pecuniary interests arising from or relating to Consultant's services rendered under this Agreement in respect of the disposition of the Property, including, but not limited to, the sale or transfer of title of any property.

2. **Services and Fees**

   a. Authority. Consultant shall have the sole and exclusive authority during the Term (defined below) hereof to offer the Property for disposition on an "exclusive right to sell" basis. Trustee may designate additional properties for disposition, upon the same terms and conditions. All communications and inquiries regarding the Property, whether directed to Trustee, Company (including but not limited to its officers, agents and employees), or Company's counsel,



accountants or other professionals, shall be re-directed to Consultant. Trustee shall retain the complete discretion to accept or reject any proposal for any reason and, in the case of rejection, Trustee shall owe Consultant no compensation for Consultant's services hereunder.

b. <u>Marketing Responsibilities</u>. Consultant shall develop and implement a strategy approved by Trustee and intended to result in the sale of the Property within the timeframe mutually established by Consultant and the Trustee. Consultant will develop a marketing strategy uniquely designed for the Property.

   i. Consultant's goal is to help assure Trustee:

       A. that the Property has been exposed to the market;

       B. that potential buyers are operating in a competitive environment; and

       C. that the offer that Trustee eventually accepts is appropriate for the marketplace.

   ii. Consultant shall not:

       A. Disseminate any marketing materials, advertising or due diligence materials that have not been approved by Trustee; or

       B. Make any representations or warranties, in writing or orally, concerning any Property, the Company or Trustee.

c. <u>Marketing Services</u>. Consultant's services may include those generally described below, as Trustee deems appropriate. Consultant will:

   i. On request, review pertinent documents and will consult with Trustee's counsel, as appropriate;

   ii. Coordinate with the Trustee on the development of due diligence materials, the cost of which shall be Trustee's sole responsibility;

   iii. Provide Trustee with appropriate analysis and comparison of each offer and counteroffer; however, Consultant acknowledges and agrees that all final business and legal decisions shall be made solely by Trustee; and all binding agreements shall be executed and delivered solely by Trustee.

   iv. Develop, subject to Trustee's review and approval, a marketing plan and implement and thereafter diligently pursue, in a commercially reasonable manner, each facet of the marketing plan after approval;

   v. Communicate regularly with prospects and maintain detailed records of communications;

   vi. When requested, meet periodically with Trustee and its professional advisors in connection with the status of its efforts;




      vii. In the event of an auction or other overbid process, organize and coordinate the conduct of the auction and provide Trustee and its counsel with advice regarding the terms and conditions of appropriate bidding procedures and related documents;

      viii. Work with the Trustee and its attorneys responsible for the implementation of the proposed transactions, reviewing documents, negotiating and assisting in resolving problems which may arise; and

      ix. If required, appear in Court during the term of this retention, to testify or to consult with Trustee in connection with the scope of Consultant's engagement.

    d. <u>Compensation Regarding Sale of Fee-Owned Property</u>. If and only when the Trustee closes or otherwise transfers title to the Property, whether individually or as part of a package or as part of the disposition of Company's business or as part of a plan of reorganization, then Consultant shall have earned its compensation in an amount equal to five percent (5%) of the Gross Proceeds from the Transaction allocated to said Property. Such amount shall be the sole compensation for commissions payable by Trustee pursuant to this Agreement and, in no event, shall Trustee be obligated to pay any commissions or fees in excess of five (5%) percent to Consultant or any other broker that may claim a commission in connection with a Transaction. If a closing or other transfer of title does not occur for any or no reason, then, except for expenses required to be reimbursed to Consultant in accordance with the terms of this Agreement, no commission or other charges of any kind shall be payable to Consultant under this Agreement.

Subject to the Trustee having received any required approval of the Bankruptcy Court, the Trustee hereby authorizes and instructs any escrow agent or counsel (without need for further authorization or permission) to pay Consultant its fees earned in strict compliance with the provisions of this Agreement, time being of the essence, directly from the proceeds of the Transaction, in full, simultaneously with the closing or other consummation of the Transaction.

3. **Expenses.**

    a. Trustee shall be responsible for:

        i. all out-of-pocket due diligence costs and expenses (such as updating title, surveys, environmental reports, etc.), as are pre-approved by Trustee, including those due diligence costs and expenses detailed in the marketing plan and budget that have been approved by the Trustee, and

        ii. all of Consultant's reasonable out-of-pocket costs (such as advertising, marketing, traveling, lodging, overnight courier, postage, telephone charges, photocopying charges, auction venue fees, and other expenses incurred in connection with performing the services required by this Agreement).

        iii. Upon bankruptcy court approval, the reimbursement to Consultant of such marketing funds as have been detailed as costs to be paid in advance pursuant to the marketing plan and budget approved by Trustee.

4. **Survival**



In the event Trustee and any third party should enter into an agreement providing for the sale or other disposition of the Property before the expiration or termination of this Agreement and the closing does not occur until after said expiration or termination, then Consultant shall be entitled to a fee in accordance with the terms of this Agreement. If Trustee, after the expiration or termination of this Agreement, arranges for the sale of the Property to a third party whom Consultant solicited or otherwise introduced to the Property or introduced to the Trustee or with whom Consultant dealt in connection with the Property or Trustee prior to said expiration or termination, and the closing takes place within six (6) months after said expiration or termination, then Consultant shall be entitled to a fee in accordance with the terms of this Agreement. In addition, in the event that Trustee enters into a contract, the result of which would entitle Consultant to a fee pursuant to this Agreement and the terms of this paragraph and a bankruptcy hearing or auction to approve such contract and/or solicit higher and better offers is held, then regardless of who may be the successful bidder, Consultant is entitled to a fee pursuant to the terms of this Agreement as if and when the closing with such successful bidder occurs.

5. **Indemnity, Contribution, Reimbursement, and Limitation of Liability**

The parties each acknowledge and agree to the limitation of liability, contribution provisions and to the indemnification obligations as set forth in Schedule I attached hereto and incorporated herein. Notwithstanding anything contained herein (or in Schedule I) to the contrary, Consultant hereby acknowledges and agrees that Trustee is acting solely in his capacity as trustee of the Estate and shall have no personal liability hereunder.

6. **Trustee Responsibilities and Information to be Supplied**

    a.  Trustee shall, promptly after execution of this Agreement by all parties hereto, seek an Order authorizing the employment of Consultant as of the date of this Agreement pursuant to the terms of this Agreement, as professional persons pursuant to Section 327 of the Code (with compensation subject to the standard of review of Section 328(a) of the Code and not any other standard, including that provided in Section 330 of the Code). The employment application and the Order authorizing employment of Consultant shall be provided to Consultant in advance of their filing for review and comment.

        i.  An acceptable Order shall include, without limitation, the following terms and conditions: (A) a finding that none of the fees payable to Consultant hereunder shall constitute a "bonus" under applicable law; (B) a finding that Consultant is exempt from the requirement to keep time records for its work hereunder (unless Consultant services are being billed by the hour); (C) a finding that that all of Consultant's fees and expenses shall be treated as administrative expense claims in the Company's bankruptcy case; and (D) a finding that the terms and conditions of this Agreement are "reasonable." If the Order authorizing the employment of Consultant is obtained, the Trustee shall pay all fees and expenses upon their due date in accordance with the terms of this Agreement, or if the due date has passed, as promptly as possible pursuant to the Order.

        ii. If the Trustee obtains an order of the Bankruptcy Court authorizing financing or cash collateral use and such order requires the submission of a budget by the Trustee delineating its post-petition expenditures, such budget shall expressly provide for the commissions and budgeted expenses to be paid or reimbursed to Consultant pursuant to the terms of this Agreement. In addition, any stipulation or order for financing or cash collateral use shall include all amounts projected to be paid to Consultant pursuant



       to the terms of this Agreement among any carve-out to be provided professionals in the Trustee's bankruptcy case.

    iii.   This Agreement shall be binding upon the Trustee, Company and Consultant only upon approval of the Bankruptcy Court. The terms of this Section 6(a) are solely for the benefit and protection of Consultant and may be waived, in whole or in part, only by Consultant.

    iv.   In the event an Order containing all of the conditions set forth above is not obtained within thirty (30) days of Trustee seeking same, at either party's option exercised by written notice to the other party, this Agreement may be terminated and shall be null and void, <u>ab initio</u>.

b.  Upon the commencement of this Agreement, Trustee or Company will deliver to Consultant a list of all brokers, principals or other prospects who have expressed an interest in using or acquiring the Property along with all correspondence and other records that relate to any such interest. Trustee represents at the time of entering into this Agreement that he does not know of any brokers, principals or other prospects who have expressed an interest in using or acquiring the Property.

c.  With respect to the Property, Trustee warrants and represents that it will immediately inform Consultant as to:

    i.   any environmental hazard or contamination that becomes known to Trustee; and

    ii.   any existing or pending violation(s) of federal, state or local environmental laws or regulations that becomes known to Trustee.

    For the avoidance of doubt, a condition or violation known to the Company shall not be imputed or deemed "known to Trustee" until disclosed in writing to the Trustee (i.e., a report, memorandum or study has been furnished to Trustee) by a third party engaged by Trustee or by Trustee's legal advisors retained by Trustee. The mere possession by Trustee of Company documents shall not be deemed to constitute the Trustee's knowledge for purposes hereof.

d.  Trustee and Company shall have the continuing obligation to assess the accuracy of the representations contained herein and to advise Consultant in writing as soon as it becomes aware of any inaccuracy, inconsistency, incompleteness or change of circumstances concerning the Property or the engagement of Consultant hereunder and upon informing Consultant of such inaccuracy, inconsistency, incompleteness or change in circumstance, the representations shall be deemed modified to include such additional information. Additionally, if Trustee or Company has ordered environmental reports or studies, as soon as such become available, Trustee or Company will immediately provide a true and complete copy of such reports to Consultant. Consultant shall not disclose any reports provided hereunder without the express written permission of Trustee, which may be withheld in Trustee's sole and absolute discretion.

e.  Each party to this Agreement shall deal with the other fairly and in good faith so as to allow it to perform its duties and receive the benefits of this Agreement and shall not interfere, prevent or prohibit the other party, in any manner, prior to or during a sale of the Property, from carrying out its duties and obligations under the Agreement.



    f. The Trustee and Company shall make available to Consultant all financial and other information requested by it for the purpose of its performance hereunder, including but not limited to the information requested on Exhibit "B" attached hereto and incorporated by reference. All information provided by the Trustee and Company shall be, to the knowledge of Trustee, materially accurate and complete at the time it is furnished and Trustee and Company shall, as soon as either becomes aware of any inaccuracy or incompleteness in any information then or later provided to Consultant, promptly advise Consultant in writing of such inaccuracy or incompleteness and upon informing Consultant of such inaccuracy, inconsistency, incompleteness or change in circumstance, the information previously provided shall be deemed modified to include such additional information. Consultant shall under all circumstances have the right to rely, without independent verification, on the accuracy and completeness of all such information supplied to Consultant in connection with Consultant's engagement hereunder and shall not be responsible for the inaccuracy or incompleteness of any information provided to it.

## 7. Announcement

When the engagement is completed, Consultant may include the nature of the engagement in proposals or otherwise publicize the engagement and Consultant's role in it on Consultant's internet web site and in such newspapers and periodicals as it may choose.

## 8. Term of Agreement and Termination

Subject to the approval of the Bankruptcy Court, the term of Consultant's retention shall be from the date of Trustee's execution of this Agreement through the closing of the Transaction approved by the Bankruptcy Court pertaining to the Property or for a period of nine (9) months from the date first written above, whichever comes first, which term can be extended pursuant to the same terms and conditions and by the mutual consent of the parties without the need for further application to the Court.

## 9. Multiple Clients

From time to time, Consultant may and shall have the right to advise or provide services to several industry participants, some of which may be competitors of the Company. The Trustee and Company and its directors and shareholders, waive any right to commence any action, suit or proceeding or make any demand, complaint or claim against Consultant and its and their subsidiaries or affiliates, or their partners, principals, directors, members, officers, employees or other personnel, that arises out of Consultant's, right to advise or provide services to industry competitors of the Company.

## 10. Dispute Resolution

The Bankruptcy Court has and shall retain jurisdiction to hear and determine all matters arising from the implementation or execution of this Agreement, and neither the Trustee nor Consultant shall be required to seek authorization from any other jurisdiction with respect to the relief granted by the Order approving this Agreement. Any and all issues, disputes, claims or causes of action which relate or pertain to, or result or arise from, this Agreement or Consultant's services hereunder, shall be settled by the Bankruptcy Court, with venue vesting in that district in which the Trustee or Company's proceeding is being heard. The Bankruptcy Court shall be limited to awarding compensatory damages and the parties hereto hereby waive their right to seek punitive, consequential, exemplary or similar types of special damages. The parties hereto expressly waive all rights to a trial by jury in any action arising out of or relating to this Agreement.

## 11. Miscellaneous



a. The services to be provided by Consultant pursuant to this Agreement are transactional in nature and Consultant will not be billing Trustee by the hour nor keeping a record of its time spent on behalf of Trustee.

b. Any correspondence or required notice shall be addressed as follows and shall be sent by Certified Mail, Return Receipt Requested, or by overnight courier, either of which notices shall be supplemented by facsimile and/or email transmission, and shall be effective as of the date of actual receipt of the Certified Mail or overnight courier. Such notice shall be addressed as follows:

| | |
|---|---|
| If to Consultant: | Matthew Bordwin<br>GA Keen Realty Advisors<br>135 Maxess Road, Suite 1000<br>Melville, NY 11747<br>(646) 381-9292<br>mbordwin@greatamerican.com |
| With a copy to: | Great American Group, LLC<br>9 Parkway North, Suite 300<br>Deerfield, IL 60015<br>Telephone: (847) 444-1400<br>Email: mnaughton@greatamerican.com<br>ATTN: Mark Naughton |
| If to Trustee: | Yann Geron as Chapter 7 Trustee for Third Toro Family Limited Partnership<br>c/o Fox Rothschild<br>100 Park Avenue, Suite 1500<br>New York, NY 10017<br>(212) 878-7900<br>ygeron@foxrothschild.com |
| With a copy to: | _____<br>_____<br>_____<br>_____<br>Phone: _____ Fax: _____<br>Email: _____ |

c. Subject to the approval of the Bankruptcy Court, the Trustee is authorized to employ Consultant to act as an agent to the Trustee and the Company, and to advertise, market, negotiate and coordinate the closing of the sale of the Property.

d. Upon the commencement of this Agreement, subject to the approval of the Bankruptcy Court, it shall be binding upon and shall inure to the benefit of the parties hereto, their successors and assigns. This Agreement contains the entire agreement between the parties hereto, and no representations, inducements, promises or agreements, oral or otherwise, entered into prior to the execution of this Agreement will alter the covenants, agreements and undertakings herein set forth. This Agreement shall not be modified in any manner, except by an instrument in writing executed by the parties.



e. This Agreement shall be construed fairly as to all parties and there shall be no presumption against the party who drafted this Agreement in the interpretation of this Agreement.

f. By executing or otherwise accepting this Agreement, Trustee and Consultant acknowledge and represent that they are represented by and have consulted with legal counsel with respect to the terms and conditions contained herein.

g. Any advice rendered by Consultant pursuant to this Agreement, written or oral, will be solely for the information of the Trustee and may not be disclosed publicly in any manner without Consultant's prior written approval and will be treated by the Trustee as confidential, except such information that the Trustee or its legal advisors is compelled to disclose or is required to disclose by the Bankruptcy Court or by court order and such disclosures as are deemed necessary or advisable by Trustee or its legal advisors in the filing of any petition or in making any application to the Bankruptcy Court.

h. In order to coordinate our efforts with respect to the possible Transaction, during the term of this Agreement neither the Trustee, nor any representative thereof (other than Consultant) will initiate discussions regarding a Transaction with a prospective purchaser except through Consultant. If the Trustee receives an inquiry regarding a possible Transaction, it will promptly advise Consultant of such inquiry in order that Consultant may evaluate the person making such inquiry and its interest and assist the Trustee in any resulting negotiations. Following the initiation of discussions through Consultant, Trustee may initiate further discussions and negotiation directly with the prospective purchaser and Trustee shall not be under any obligation to conduct future discussions or negotiations through Consultant in connection with the terms of any sale and Trustee may defer solely to the advice of their counsel, provided, however, that Consultant shall nevertheless be entitled to receive any commission due under this Agreement.

i. Consultant may utilize third-party clerical services outside the US to assist in billing and other administrative procedures in connection with the Agreement, at Consultant's sole cost and expense.

j. No party to this agreement shall have any liability for delays, failure in performance, or damages due to fire, explosion, lighting, power surges or failures, strikes or labor disputes, water, acts of god, the elements, war, civil disturbances, acts of civil or military authorities, telecommunications failure, fuel or energy shortages, acts or omissions of communications carriers, or other causes beyond the control of such party, whether or not similar to the foregoing.

k. Consultant shall retain ownership of the copyright and all other intellectual property rights in the product of Consultant's services performed hereunder, whether oral or tangible, and ownership of Consultant's work papers. Trustee shall acquire ownership of any product of the services performed in its tangible form upon payment in full of Consultant's fees and full reimbursement of expenses. For the purposes of delivering services to Trustee and other Consultant clients, Consultant and its related entities shall be entitled to use, develop or share with each other knowledge, experience and skills of general application gained through performing the services hereunder.

l. No party shall sell, assign, or otherwise transfer its rights, interests, or obligations hereunder without prior written approval of the other party.



    m. Any term or provision of this Agreement that is held invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provisions in any other situation or in any other jurisdiction.

If the foregoing correctly sets forth the agreement between the Trustee and Consultant, please sign and return the enclosed copy of this Agreement, whereupon it shall become our binding agreement to be governed by the internal laws of the State of New York, without regard to its conflict of law principles.

This Agreement may be executed in two or more counterparts, and by the different parties hereto in separate counterparts, each of which when executed shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement. Facsimile and electronic transmission (including the email delivery of documents in Adobe PDF format) of any signed original counterpart or retransmission of any signed facsimile transmission shall be deemed the same as the delivery of the original.



Very truly yours,

**GREAT AMERICAN GROUP REAL ESTATE LLC**
**d/b/a GA KEEN REALTY ADVISORS,**
a division of **Great American Group, LLC**

By: _____
Matthew Bordwin as Managing Director of
Great American Group, LLC, the Managing
Member of Great American Group Real Estate
LLC

**AGREED & ACCEPTED**
This ___ day of _____, 2011

**YANN GERON AS CHAPTER 7 TRUSTEE OF TORO FAMILY LIMITED PARTNERSHIP**

By: _____
Name:
Title:



**SCHEDULE I**

1. **Indemnification Obligations and Procedures**

    a. Subject to Section 1b. below, the Trustee on behalf of the Company's estate shall defend, indemnify and hold harmless Consultant, its affiliates, and their respective partners, principals, directors, officers, members, employees, agents, representatives and controlling persons (Consultant and each such entity or person being a "Consultant Indemnified Party") from and against any and all losses, claims, damages, expenses and liabilities (collectively, "Losses"), as incurred, to which such Consultant Indemnified Party may become subject, related to or arising out of activities performed by or on behalf of a Consultant Indemnified Party pursuant to and in accordance the Agreement to which this Schedule I is attached, any transactions contemplated by the Agreement, or the Consultant Indemnified Party's role in connection therewith.

    b. Neither Trustee nor Company's estate shall have any obligation to indemnify a Consultant Indemnified Party, or provide contribution or reimbursement to a Consultant Indemnified Party, for any claim or expense to the extent: (i) such claim or expense arises from any Consultant Indemnified Party's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), negligence or willful misconduct; (ii) such claim or expense arises from a breach of any Consultant's Indemnified Party's contractual obligations; (iii) such claim or expense relates to a matter for which Consultant is obligated to indemnify the Trustee and Company pursuant to Section 1c. below; or (iv) a final determination is made by a court of competent jurisdiction as to the exclusions set forth in clauses (i), (ii) and (iii) immediately above that the claim or expense in not one for which a Consultant Indemnified Party is entitled to indemnification, contribution or reimbursement under the terms of the Agreement.

    c. Consultant shall defend (with counsel reasonably acceptable to Trustee), indemnify and hold Trustee and the Company's bankruptcy estate and each of their respective employees, professionals, affiliates, successors and assigns (the "Client Indemnified Party" and, together with the the Consultant Indemnified Party, sometimes hereinafter an "Indemnified Party"), harmless against any loss, damage, claim or expense (including, but not limited to, reasonable attorneys' fees) in connection with any claim made by any other real estate broker (including an outside broker) claiming to have dealt with Consultant, for compensation or commissions with respect to a transaction contemplated or related to this Agreement. In such event, Consultant will not settle such claim or action without Trustee's prior written consent, which shall not be unreasonably withheld or delayed.

    d. Promptly after receipt by an Indemnified Party of notice of any claim or the commencement of any action, suit or proceeding with respect to which an Indemnified Party may be entitled to indemnity hereunder, the Indemnified Party will notify the other party from whom indemnification is sought (the "Indemnifying Party") in writing of such claim or of the commencement of such action or proceeding, provided that the failure to notify the Indemnifying Party shall not relieve it from any liability under this Agreement except to the extent it has been materially prejudiced by such failure. The Indemnifying Party shall assume the defense of such claim, action, suit or proceeding, will employ counsel reasonably satisfactory to the Indemnified Party to represent the Indemnified Party, and will pay the fees and disbursements of such counsel, when due. An Indemnified Party shall have the right to retain its own counsel at its own expense. Notwithstanding the foregoing, the Indemnifying Party shall not have the right to assume the defense of such claim, action, suit




or proceeding and shall pay or reimburse as incurred the fees and expenses of not more than one separate law firm per relevant jurisdiction (including local counsel) representing such Indemnified Party if (a) the Indemnifying Party shall have failed to assume the defense of such claim, action, suit, or proceeding within a reasonable period of time after receiving notice of the claim from a Indemnified Party, or (b) the named parties to any such claim, action, suit, or proceeding (including any impleaded parties) include one or more Indemnified Parties and the Indemnifying Party and counsel selected by the Indemnifying Party has reasonably concluded that a conflict may arise between the positions of the Indemnified Party and the Indemnifying Party or that there may be legal defenses available to it that are different from or additional to those available to the Indemnifying Party; provided, however, that in such event, the Indemnifying Party may engage separate counsel to represent the interests of such parties within whom a conflict may otherwise exist if represented by the same counsel.

If, before the entry of an order closing this chapter 7 case, a Consultant Indemnified Party believes that it is entitled to the payment of any amounts on account of the Trustee and Company's indemnification, contribution and/or reimbursement obligations under this Agreement, including without limitation the advancement of defense costs, the Consultant Indemnified Party must file an application therefor in the Court, and the Trustee and/or Company may elect not to pay any such amounts to the Consultant Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Trustee and Company's obligation to provide this indemnification Consultant. All parties in interest shall retain the right to object to any demand by for indemnification, contribution or reimbursement;

The Indemnifying Party shall not be liable for any settlement of any claim, action, suit, or proceeding without its consent (which consent shall not be unreasonably withheld), but, if settled with its consent or if there be final judgment for a plaintiff in any claim, suit, action, or proceeding, the Indemnifying Party shall defend, indemnify, and hold harmless the Indemnified Party from and against any and all Losses by reason of such settlement or judgment to the extent provided in this Agreement. The Indemnifying Party shall not, without the Indemnified Party's prior written consent, settle, compromise or consent to the entry of any judgment in any pending or threatened claim, action or proceeding in respect of which indemnification has been sought under this Agreement, unless such settlement, compromise or consent includes an unconditional release of such Indemnified Party from all liability arising out of such claim, action or proceeding and does not include a statement as to or an admission of fault, culpability or a failure to act by or on behalf of such Indemnified Party.

In the event a party to the Agreement (a "Non-Named Party") is requested or required to appear as a witness in any action, suit or proceeding brought by or on behalf of or against the other party (the "Named Party") to this Agreement relating to a Transaction covered hereby in which such Non-Named Party is not named as a party, the Non-Named Party agrees to reasonably cooperate with the Named Party as reasonably requested and as is necessary for the proper defense of such action, suit, or proceeding. The Named Party shall reimburse the Non-Named Party for all reasonable out-of-pocket expenses incurred by it in connection with such Non-Named Party appearing and preparing to appear as a witness, including, without limitation, reasonable fees and disbursements of its legal counsel and to compensate the Non-Named Party at its then-prevailing hourly rates.




2. **Limitation of Liability**

The parties hereby agree that Consultant, its affiliates, and their respective directors, officers, partners, principals, members, employees, agents, representatives and controlling persons shall not be liable (whether directly or indirectly, in contract or tort or otherwise) to the Trustee or creditors, for any matter, cause or thing related to or arising out of the engagement of Consultant pursuant to, or the performance by Consultant of the services contemplated by, this Agreement, except to the extent that the matter, cause or thing related to or arose out of (i) any Consultant's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), negligence or willful misconduct; or (ii) a breach by Consultant's contractual obligations; (iii) a matter for which Consultant was obligated to indemnify the Trustee and/or Company pursuant to Section 1c above; or (iv) a final determination is made by a court of competent jurisdiction as to the exclusions set forth in clauses (i), (ii) and (iii) immediately above that the matter, cause or thing is not one for which a Consultant Indemnified Party is entitled to indemnification, contribution or reimbursement under the terms of the Agreement.

The provisions of Schedule I shall be in addition to any liability that the Indemnifying Party may otherwise have and shall be binding upon and inure to the benefit of any successors, assigns, heirs, and personal representatives of the Indemnifying Party. These provisions shall be operative in full force and effect regardless of any termination or expiration of this Agreement.



## EXHIBIT A

Property Address

639 W. 46th Street, New York, NY 10036



# EXHIBIT B

With respect to the Property, please provide us with the following data:

- Address;
- Description (commercial/industrial/retail/raw land);
- Number and size (square feet per floor) of buildings and size of land;
- Liens or mortgages, if any;
- Operating or closed;
- Completed informational surveys (the form of which Consultant is to supply);
- Engineering and Environmental Reports.
- The most recent title report(s);
- A full set of buildings plans, plot plans and surveys;
- Tax information and utility costs;
- Any available appraisals;
- Any available pro-forma cash flow analyses;
- An income and expense statement;
- Copies of lease summaries, if appropriate;
- Rent roll; if appropriate;
- Reciprocal Easement Agreements, if appropriate.
- Plot plans;
- Surveys;
- Most recent title report
- Most recent environmental report
- Photographs / maps / demographics

