UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    :          Chapter 7
                                                                              :
THIRD TORO FAMILY LIMITED                               :          Case No. 11-11723 (SHL)
PARTNERSHIP,                                                       :
                                                                              :
                                                                              :
                              Debtor.                              :
---------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a), 330 and 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 (I) APPROVING BIDDING PROCEDURES AND BIDDER PROTECTIONS (II) SCHEDULING AN AUCTION AND SALE HEARING RELATED THERETO, AND (III) APPROVING THE FORM AND MANNER OF <u>NOTICE OF THE AUCTION AND SALE HEARING</u>

Upon the motion dated November 11, 2011 (the "Motion") of Yann Geron (the "Trustee"), as chapter 7 trustee of Third Toro Family Limited Partnership (the "Debtor") the above-captioned debtor, seeking, among other things, entry of an order, pursuant to Sections 105(a), 330 and 363 of the Bankruptcy Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 2002 and 6004 (the "Bankruptcy Rules"): (i) approving bidding procedures (the "Bidding Procedures") and bidder protections with respect to the Trustee's auction (the "Auction") and sale (the "Sale") of non-residential real property located at 639 West 46th Street, New York, New York 10036 (the "Property") pursuant to and as described in the Contract of Sale dated November 11, 2011 and annexed hereto as Exhibit A (as has been or may be amended, the "Sale Contract"), between the Trustee and MKF Management LLC (together with its assignees and designees ("Purchaser" or "MKF"), subject to higher and better offers, (ii) scheduling the Auction and a sale hearing related thereto (the "Sale Hearing"); (iii) approving the form and manner of notice of the Auction and Sale Hearing (the "Auction and Hearing Notice"), as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the

NY1 551778v1 11/03/11
NY1 552990v1 11/11/11

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to Griffon Cosmo, LLC ("Griffon"); (c) counsel to the Purchaser; (d) the Office of the United States Attorney; (d) the Office of the New York State Attorney General; (e) the Internal Revenue Service; (f) New York State Department of Taxation and Finance; and (e) all parties having filed a notice of appearance in this case; and no other or further notice needing to be provided; and a reasonable opportunity to object or be heard regarding the relief requested in the Motion as it relates to the proposed Bidding Procedures and bidder protections and scheduling the Auction and Sale Hearing having been given; and the relief requested in the Motion being in the best interests of the Debtor, its estate and creditors; and the Court having reviewed the Motion; and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court in the above-captioned case; and after due deliberation and sufficient cause appearing therefore, it is hereby FOUND AND DETERMINED THAT

  A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.

B.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed thereto in the Sale Contract or the Motion.

D.  The court has jurisdiction over this Motion and the transactions contemplated by the Sale Contract pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

E.  The statutory predicates for the relief sought in the Motion are Sections 101, 105, 330 and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002 and 6004.

F.  The proposed Auction and Hearing Notice will constitute due, adequate and timely notice of the Auction and the Sale Hearing in accordance with Bankruptcy Rule 2002.

G.  The Trustee has articulated good and sufficient reasons for approving the Bidding Procedures.

H.  The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the return for the Property.

I.  The Purchaser has expended, and likely will continue to expend, considerable time, money and energy pursuing the purchase of the Property and has engaged in extended arm's-length and good faith negotiations.  The Sale Contract is the culmination of those efforts.

J.  The Trustee has demonstrated a compelling and sound business justification for authorization to: (i) enter into the Sale Contract to establish the minimum bidding purchase price

for the Property; and (ii) pay the Break-Up Fee under the terms and conditions set forth in the Sale Contract.

K.   Recognizing this expenditure of time, energy and resources, the Trustee has agreed to pay the Break-Up Fee to the Purchaser under certain terms and conditions. The Break-Up Fee is: (i) an actual and necessary cost and expense of preserving the Debtor's estate within the meaning of Section 503(b) of the Bankruptcy Code; (ii) commensurate to the real and substantial benefit conferred upon the Debtor's estate by the Purchaser; (iii) reasonable and appropriate in light of the size and nature of the proposed sale, comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by the Purchaser; and (iv) necessary to induce the Purchaser to continue to pursue the purchase of the Property and to be bound by the Sale Contract.

L.   The Break-Up Fee has been negotiated at arm's-length and is reasonable under the circumstances; and therefore,

IT IS HEREBY ORDERED THAT:

1.   The relief requested in the Motion, solely as it relates to: (i) the approval of Bidding Procedures and bidder protections; (ii) scheduling the Auction and Sale Hearing; and (iii) approving the form and manner of notice of the Auction and Sale Hearing, as more fully set forth in the Motion, is hereby granted to the extent provided herein.

2.   The Bidding Procedures attached hereto as <u>Exhibit B</u> are hereby authorized and approved in all respects and incorporated herein by reference. All proceedings relating to: (i) the submission, consideration, qualification and acceptance of Qualified Bids; (ii) the conduct of the Auction; and (iii) the identification and determination of the Successful Bid

and the Successful Bidder and the Back-Up Bid and Back-Up Bidder shall be governed by and conducted in accordance with the Bidding Procedures.

      3.      Any individual or entity wishing to submit an offer for the Property must do so in accordance with the terms of the Bidding Procedures.  The failure in this order to include specific reference to any particular provision, section or article of the Bidding Procedures shall not diminish or impair the effectiveness of the Bidding Procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety and incorporated herein by reference.

      4.      The objections, if any, to entry of this Order, that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are overruled in their entirety.

      5.      The form and sufficiency of the Auction and Hearing Notice attached hereto as <u>Exhibit C</u> are hereby approved.

      6.      Service of the Auction and Hearing Notice in the manner set forth herein constitutes good and sufficient notice of the Auction and the Sale Hearing and the applicable provisions of the Bankruptcy Code and any requirements for other notice are hereby waived and dispensed with pursuant to Bankruptcy Rules 2002, 6006, 9006 and 9007 and section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

      7.      The general terms and conditions of the sale of the Property, as contained in the Sale Contract (<u>See</u> <u>Exhibit A</u>), are authorized and approved in their entirety and are incorporated herein by reference.

      8.      The Break-Up Fee is approved in its entirety.  The Trustee shall pay the Break-Up Fee to the Purchaser pursuant to the terms and conditions set forth in the Sale Contract

without need for further order of the Court. The Break-Up Fee shall be deemed to constitute an allowed priority administrative expense claim by the Purchaser against the Debtor's bankruptcy estate pursuant to Section 364(c) of the Bankruptcy Code with priority over any and all administrative expense claims of the kind specified in Sections 503(b) or 507(a)(2) of the Bankruptcy Code.

9. The Trustee may conduct the Auction in accordance with the Bidding Procedures.

10. The Auction, *if required*, shall commence at 9:00 a.m. (Prevailing Eastern Time) on January 4, 2012, at the offices of Fox Rothschild LLP, 100 Park Avenue, Suite 1500, New York, New York 10017.

11. The Trustee shall serve a copy of his Order (with exhibits), on or before December 14, 2011 upon: (i) the Office of the United States Trustee; (ii) counsel to Griffon; (iii) counsel to MKF; (iv) all parties or entities known to the Trustee or his agents who have expressed an interest in the Property; (v) all parties known by the Trustee to assert liens against or interests in some or all of the Property; (vi) all applicable federal, state and local tax and environmental authorities, including, but not limited to, the United States Environmental Protection Agency, the New York State Department of Environmental Conservation, the Internal Revenue Service and the New York State Department of Taxation and Finance; (vii) all known creditors of the Debtor; (viii) all tenants at the Property; and (x) all parties or entities that have filed notice of appearance or request for service of documents in this Case or in the preceding chapter 11 case.

12. Objections, if any, to the sale of the Property and any filed supplements thereto, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii)

be filed with the Court and simultaneously served on: (a) the Trustee, Fox Rothschild LLP, Attn: Yann Geron, Esq., 100 Park Avenue, Suite 1500, New York, NY 10017; (b) counsel to Griffon, Backenroth Frankel & Krinsky LLP, Attn: Mark Frankel, Esq. 489 Fifth Avenue, New York, New York 10017; (c) counsel to MKF, Herrick, Feinstein LLP, Attn: Paul Rubin, Esq., 2 Park Avenue, New York, NY 10016; and (d) the Office of the United States Trustee, Attn: Greg Zipes, Esq. and Susan Golden, Esq., 33 Whitehall Street, 21st Floor, New York, NY 10004; and (d) all parties that have filed a notice of appearance in this case so as to be actually received by 4:00 p.m. (prevailing Eastern Time) on January 9, 2012 (the "Sale Objection Deadline")

13. The Court shall conduct the Sale Hearing and consider any unresolved objections to the Sale, including the Trustee's choice of a Successful Bidder other than the Purchaser at the Auction, on January 17, 2011 at 10:00 a.m. (prevailing Eastern Time), or at such other time ordered by the Court.

14. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

15. This Court shall retain exclusive jurisdiction over any matter or dispute relating to the Sale, the Bidding Procedures, the Sale Hearing, the Auction, the Successful Bid, the Backup Bid, and/or any other matter that in any way relates to the foregoing.

Dated:   New York, New York
         _____, 2011

                         HONORABLE SEAN H. LANE
                         UNITED STATES BANKRUPTCY JUDGE