BIDDING PROCEDURES FOR THE PROPERTY KNOWN AS 639 WEST 46TH STREET, NEW YORK, NEW YORK

In re: Third Toro Family Limited Partnership

Case No. 11-11723 (SHL)

Yann Geron, as chapter 7 trustee (the "**Trustee**" or "**Seller**") for Third Toro Family Limited Partnership, (the "**Debtor**") has entered into that certain Contract of Sale dated as of November 11, 2011 (the "**Contract**") for the sale of the certain lots, pieces or parcels of land located at 639 West 46th Street, New York, New York including the **Land**, **Buildings, Improvements**, and **Personal Property** (together with Debtor's claims as landlord, referred to collectively as "**Property**" in the Contract). The Seller is currently soliciting other higher or better bids for the sale of the Property (the "**Sale**").

On November __ 2011, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") granted the Seller's application (the "**Application**") for an order approving the following bidding procedures (the "**Bidding Procedures**") to be employed in connection with the solicitation for higher or better bids at an auction (the "**Auction**") for the sale of the Property (the "**Bidding Procedures Order**"), if necessary.

The Trustee has also moved for, and will seek entry of, an order from the Bankruptcy Court, which among other things, authorizes: (i) the Sale of the Property to MKF Management LLC (the "**Purchaser**"), or to another individual or entity whose bid constitutes the highest and best offer for the Property, as determined at the sole discretion of the Trustee. The Trustee reserves the right to modify these Bidding Procedures as circumstances warrant, <u>provided</u>, <u>however</u>, no such change may contravene any provision of the Contract.

1. **Important Dates**

| | |
|---|---|
| **Bid Deadline** | December 30, 2011 at 5:00 p.m. (prevailing Eastern Time) |
| **Sale Objection Deadline** | January 9, 2012 at 4:00 p.m. (prevailing Eastern Time) |
| **Auction Date** | January 4, 2012 at 9:00 a.m. (prevailing Eastern Time) |
| **Sale Hearing** | January 17, 2012 at 10:00 a.m. (prevailing Eastern Time) |
| **Closing Date** | On or before February 2, 2012 |

2. **Assets to be Sold Free and Clear**

The Seller is offering for sale the Property (as defined more specifically in the Contract to include certain potential litigation claims). Except as otherwise provided in definitive documentation with respect to the Sale (including the Contract), the Property shall be sold free and clear of liens, interests, claims and encumbrances thereon and there against, including pre-existing tenant leases and rights of pre-petition occupants (collectively, the "**Liens**"), with any such Liens to attach to the proceeds of the Sale.

3. **Stalking Horse**

The Contract provides that the Purchaser shall act as the "stalking horse bidder" in the Auction and shall be entitled to a break-up fee in the amount of $300,000 (the "**Break-Up Fee**"), which shall be paid by the Seller at closing from any proceeds from the consummation of a Competing Bid as more fully set forth in the Contract, or from the forfeiting of the Deposit of a competing bidder whose bid was accepted by the Seller.

4. **Mailing the Auction and Hearing Notice**

On a date no later than three (3) business days following entry by the Bankruptcy Court of the Bidding Procedures Order, the Trustee shall mail the notice of the proposed sale of the Property (the "**Auction and Hearing Notice**") in the form approved by the Bankruptcy Court in the Bidding Procedures Order by first class mail, postage prepaid, to (a) all creditors listed on the Debtor's Schedules of Assets and Liabilities (the "**Schedules**") or who have filed a proof of claim in the Debtor's bankruptcy case, (b) all counterparties to leases or executory contracts of the Debtor listed in the Schedules, (c) all parties who have filed a notice of appearance in the Debtor's bankruptcy case; (d) all potential purchasers identified by the Trustee or his agents or representatives, and (e) any other party known to the Trustee to have or assert a Lien in, on or against any of the Property.

Any other party-in-interest that wishes to receive a copy of the Bidding Procedures Order and/or the Motion shall make such request in writing to the Trustee's counsel, Kathleen Aiello, Fox Rothschild, 100 Park Avenue, Suite 1500, New York, New York 10017, Telephone (212) 878-7908, Email: kaiello@foxrothschild.com. Additionally, copies may be downloaded from the Court's docket at http://ecf.nysb.uscourts.gov.

5. **Confidentiality Agreement / Due Diligence**

The Seller may afford any interested party the opportunity to conduct a reasonable due diligence review in the manner determined by the Seller in his discretion. After the Bid Deadline (defined below), the Seller may, but shall not be obligated to, furnish any due diligence information to a Qualified Bidder (defined below) that submitted a Qualified Bid (defined below).

**Parties interested in conducting due diligence should contact** the Trustee's real estate advisors, GA Keen Realty Advisors, a division of Great American Group LLC, 130 West 42nd Street, Suite 1001, New York, New York 10036, Telephone: 646-381-9222, Attn: Harold

HF 6883078 v.2 #15230/0006 10/17/2011 07:31 PM
PH2 1044636v3 11/03/11
HF 6990819 v.2 #15230/0001 11/07/2011 04:23 PM
NY1 552991v1 11/11/11

2

BID PROCEDURES
HF DRAFT

Bordwin, Email: hbordwin@greatamerican.com, or Matthew Bordwin Email: mbordwin@greatamerican.com.

Any entity that wishes to conduct due diligence with respect to the Property may, in the Trustee's discretion, be required to deliver to (i) the Trustee's aforementioned counsel, and (ii) the Trustee's aforementioned real estate advisors, the following: (a) an executed confidentiality agreement in form and substance satisfactory to the Trustee, and (b) a written statement of interest demonstrating to the Trustee's satisfaction a bona fide interest to purchase the Property and the ability to make a Qualified Bid (as defined below), which includes, *inter alia*, a purchase price range, the proposed structure and financing, if any, of the transaction, and the nature and extent of additional due diligence such entity may wish to conduct.

Any party delivering such a confidentiality agreement and, if necessary, a statement of interest may be deemed by the Trustee, in consultation with his real estate advisors, to be reasonably likely to be able to close a proposed transaction, if selected as the Successful Bidder (as defined below), if the Trustee believes that party can close on or before January 23, 2012 consistent with these Bidding Procedures (such person or entity, a "**Potential Bidder**"). After compliance with the foregoing, the Trustee will allow Potential Bidders to conduct due diligence with respect to the Property.

6. **Qualification of Bids and Bidders**

In order to participate in the bidding process and to have a bid considered by the Trustee, each Potential Bidder must deliver a written offer or group of offers satisfying the below criteria. A "**Qualified Bidder**" is a Potential Bidder that delivers a binding bid that in the Trustee's discretion and in consultation with his real estate advisors satisfies the following criteria (a "**Qualified Bid**"):

(a) Bid Deadline. Each bid package must be delivered in written and electronic form to: (i) Kathleen Aiello, Esq., Fox Rothschild, 100 Park Avenue, Suite 1500, New York, New York 10017, Email: kaiello@foxrothschild.com; and (ii) GA Keen Realty Advisors, a division of Great American Group LLC, 130 West 42nd Street, Suite 1001, New York, New York 10036, Attn: Harold Bordwin, hbordwin@greatamerican.com, in each case so as to **actually be received no later than December 30, 2011 at 5:00 p.m. (prevailing Eastern Time) (the "Bid Deadline")**.

(b) Bid Package. Each bid must include (collectively, the "**Bid Package**"): (i) a written and signed irrevocable and binding offer letter stating that (w) the bidder offers to consummate a sale transaction on terms and conditions no less favorable than those found in the Contract and in an amount at least equal to the Minimum Bid (as defined below) by a date no later than February 2, 2012, (x) confirming that the bid will remain irrevocable and binding until one business day following the entry of the Sale Order, (y) a signed acknowledgment that the bidder is a not a

HF 6883078 v.2  #15230/0006 10/17/2011 07:31 PM
PH2 1044636v3 11/03/11
HF 6990819 v.2  #15230/0001 11/07/2011 04:23 PM
NY1 552991v1 11/11/11

3

partner, officer, director, stockholder, agent, employee or insider of Fox Rothschild LLP, GA Keen Realty, Crowe and Horwath or Kossoff & Unger, and (z) that the Bidder has had the opportunity to conduct due diligence prior to its offer and does not require further due diligence, has relied solely upon its own independent investigation, review, analysis, appraisal and evaluation of the Property and did not rely upon, and did not receive, any written or oral statements, representations, warranties, promises or guarantees, either express or implied, by operation of law or otherwise, except as expressly set forth in the Modified Contract (defined below); (ii) an executed copy of the Contract as modified by the Potential Bidder in accordance with its bid ("**Modified Contract**"); (iii) an electronic markup of the Contract showing the revisions in the Modified Contract; and (iv) a CD-ROM containing a clean copy of the Modified Contract (formatted as a Microsoft Word document or such other word processing format acceptable to the Trustee) and the electronic markup of the Contract. The Trustee shall, in consultation with his real estate advisors, determine whether any Modified Contract that modifies the Contract in any respect beyond the identity of the purchaser and the purchase price under the Contract is a Qualified Bid.

(c)    Minimum Bid. The amount of the purchase price in such bid must provide for net cash (or cash equivalent) that is at least $10,400,000.00 (the "**Minimum Bid**").

(d)    Identity of Bidders. Each Potential Bidder must fully disclose the identity of each entity that will be bidding for the Property or otherwise participating in connection with such bid (including any equity holder or other financial backer if the Potential Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by the bid), including the names and addresses of any members or individuals with an interest in the entity, and the complete terms of any such participation, as well as disclose the organization form and the business conducted by each entity. Under no circumstances may any undisclosed principals be associated with any bid. Any Potential Bidder shall be required to provide such additional information as the Trustee may reasonably require regarding a Potential Bidder's ability to satisfy the requirements of the applicable regulatory authorities.

(e)    Financial Information. The Bid Package must contain financial and other information that will allow the Trustee, in consultation with his real estate advisors, to make a determination as to the bidder's financial wherewithal and its ability to consummate the transactions contemplated by the Modified Contract, including

HF 6883078 v.2 #15230/0006 10/17/2011 07:31 PM
PH2 1044636v3 11/03/11
HF 6990819 v.2 #15230/0001 11/07/2011 04:23 PM
NY1 552991v1 11/11/11

4

BID PROCEDURES
HF Draft

evidence of adequate financing, and adequate assurance of such Bidder's ability to perform under any contract proposed to be assumed, and to pay all cure amounts required to assume and assign any such contracts. Such financial information shall include a letter from a national bank evidencing the ability to timely close on the contemplated sale of the Property or current audited financial statements of the Potential Bidder or, if the Potential Bidder is an entity formed for the purpose of acquiring the Property, current audited financial statements of the equity holder(s) of the Potential Bidder or such other form of financial disclosure acceptable to the Trustee and his counsel, evidencing the Potential Bidder's ability to timely close its contemplated sale, as determined in the sole discretion of the Trustee.

(f)    Regulatory Approvals.  The Bid Package must describe all regulatory approvals, if any, the Bidder will need and provide evidence of the Bidder's ability to obtain all necessary regulatory approvals in a timely manner, if applicable.

(g)    Executory Contracts and Unexpired Leases.  The Modified Contract must identify with particularity each and every executory contract and unexpired lease proposed to be assumed.

(h)    Additional Bid Protections.  The bid must not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment, or propose to modify any of the Bidding Procedures.

(i)    Due Diligence and Financial Contingencies.  The bid must not contain any due diligence or financing contingencies of any kind, and must affirmatively acknowledge that the bidder (i) had an opportunity to conduct due diligence regarding the Property prior to making its offer and does not require further due diligence, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Property in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Property, or the completeness of any information provided in connection therewith.

(j)    Consents. Each Potential Bidder must represent that it obtained all necessary organizational approvals to make its competing bid and to enter into and perform the Modified Contract and include evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body) with respect to

5

the submission, execution, delivery and closing of the Modified Contract.

(k) **Deposit**. A Potential Bidder must deposit 10% of the initial purchase price set forth in the Modified Contract (which shall be no less than $1,040,000.00) (the "**Deposit**") with the Trustee (the "**Deposit Agent**") to be held in escrow in a segregated non-interest bearing sub-account of the Third Toro Family Limited Partnership estate account, in the form of a certified check, cashier's check, bank check or wire transfer to, "Yann Geron, chapter 7 trustee of the estate of Third Toro Family Limited Partnership," along with the SSN or EIN of the bidding person or entity, simultaneously with the submission of its bid. The Potential Bidder shall forfeit the Deposit if (i) the Potential Bidder is determined to be a Qualified Bidder and withdraws or modifies its bid other than as provided herein before the Bankruptcy Court approves the Debtors' selection of the Successful Bidder, or (ii) the bidder is the Successful Bidder and (x) withdraws the bid without the Trustee's consent (which consent may not be granted without the consent of the Court for good cause shown) before the consummation of the sale contemplated by the bid, or (y) breaches the Modified Contract associated with such bid. In the event of either (i) or (ii), $300,000 of the Deposit of such Potential Bidder shall be immediately released from escrow to the Purchaser and such payment shall constitute payment of the Break-Up Fee.

The Deposit shall be returned to the Potential Bidder (i) as soon as practicable if the Potential Bidder is not determined to be a Qualified Bidder or (ii) no later than five business days after entry of the Sale Order if the bidder is a Qualified Bidder (who has not otherwise forfeited its Deposit), but is not determined to be the Successful Bidder or the Back-Up Bidder. The Trustee will not be required to maintain any Deposit in an interest bearing account, but any interest earned on any Deposit will be remitted to the appropriate Qualified Bidder if the Deposit is returned to the Qualified Bidder pursuant to the above.

The Trustee shall have the right, in his sole and absolute discretion (after consultation with his real estate advisors) to determine whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be Qualified Bids, as soon as possible, and prior to the Auction. The Trustee may (after consultation with his real estate advisors) reject any bid that is on terms more burdensome or conditional than the Contract or is otherwise contrary to the best interests of the Debtor and its bankruptcy estate. In addition to the requirements above, the Trustee may, after consultation with his real estate advisors, request any additional information from any Potential Bidder to assist them in making their determination as to whether a bid is a Qualified Bid. For the avoidance of doubt, the Purchaser is a Qualified

HF 6883078 v.2  #15230/0006 10/17/2011 07:31 PM
PH2 1044636v3 11/03/11
HF 6990819 v.2  #15230/0001 11/07/2011 04:23 PM
NY1 552991v1 11/11/11

6

Bidder and the Contract is a Qualified Bid. The Debtors shall deliver copies of all Qualified Bids to the Purchaser within two day after the Bid Deadline.

7. **Expedited Relief**

If, prior to or during the Auction, there is a dispute regarding who is a "Qualified Bidder," that dispute may be submitted to the Court on an expedited basis.

8. **As Is, Where Is**

The sale of any or all of the Property shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Trustee or the Debtor's estate, except to the extent set forth in the applicable Contract or the Modified Contract of the Successful Bidder(s) as approved by the Bankruptcy Court.

9. **Only One Qualified Bid**

If no Bid Package (including a Deposit and Modified Contract) is received from a Qualified Bidder or no Qualified Bid is made for the Property prior to the Bid Deadline, the Trustee shall designate the Purchaser as the Successful Bidder, and the Trustee shall not hold the Auction, but will proceed with the Sale Hearing to seek Bankruptcy Court approval of the sale of the Property to the Purchaser.

10. **Auction**

In the event that the Trustee timely receives more than one Qualified Bid, the Trustee shall conduct the Auction with respect to the Property. The Auction will take place at the offices of Fox Rothschild, 100 Park Avenue, Suite 1500, New York, New York 10017 on January 4, 2012 starting at 9:00 a.m. (prevailing Eastern Time). The Auction shall be governed by the following procedures:

(a) <u>Participation</u>. Only the Qualified Bidders that have delivered the full amount of their Deposit to the Trustee's Escrow Agent shall be entitled to participate in the Auction, and each Qualified Bidder shall appear in person at the Auction, or through a duly authorized representative. At least one (1) day prior to the commencement of the Auction, each Qualified Bidder must confirm in writing that it will participate in this Auction; <u>provided</u>, <u>however</u>, that in the event a Qualified Bidder does not attend the Auction, the relevant Qualified Bid shall nonetheless remain fully enforceable against that Qualified Bidder in accordance herewith.

(b) <u>Anti-Collusion</u>. At the commencement of the Auction, each Qualified Bidder shall be required to confirm that it has not engaged and will not engage in any collusion with any other Qualified Bidder with respect to the bidding or the Sale.

HF 6883078 v.2 #15230/0006 10/17/2011 07:31 PM
PH2 1044636v3 11/03/11
HF 6990819 v.2 #15230/0001 11/07/2011 04:23 PM
NY1 552991v1 11/11/11

7

(c) <u>Conduct of Auction</u>. The Auction will be conducted openly with the proceeding being transcribed and each Qualified Bidder being informed of the terms of the previous bid (an "**Open Auction**").

(d) <u>Bidding</u>. Bidding at the Auction shall commence at the amount of the highest or otherwise best Qualified Bid submitted prior to the Auction; Qualified Bidders may then submit successive bids in increments of $100,000 (the "**Bid Increment**"), provided that Trustee, in his sole discretion, may change the minimum Bid Increment amount. The Purchaser shall have the right to submit further bids at any point during the Auction. The Purchaser shall be entitled to include as any part of any subsequent bid a credit for the amount of the Break-Up Fee (in addition to a credit bid on account of its secured claim). No bids may be submitted after the conclusion of the Auction.

(e) <u>Higher or Better</u>. The Trustee reserves the right, in his discretion (in consultation with his real estate advisors), to determine whether any bid is better, if not higher, than another bid submitted during the Auction. The Trustee may consider a variety of factors in making this decision, including, without limitation, any proposed conditions to closing. The Purchaser shall have standing to contest the highest or best bid selected by the Trustee.

(f) <u>Successful Bid</u>. The Auction shall continue until there is only one offer that the Trustee determines, in his discretion (after consultation with his real estate advisors) and subject to Court approval, is the highest or otherwise best offer from among the Qualified Bids submitted at the Auction (the "**Successful Bid**"). The Qualified Bidder submitting such Successful Bid shall become the "**Successful Bidder**," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Modified Contract or the Contract, as applicable, together with any changes made thereto by the Successful Bidder at the Auction. Prior to the conclusion of the Auction, the Successful Bidder shall (i) complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made, and (ii) within one (1) business day after the Auction, but in any event prior to the commencement of the Sale hearing (defined below), supplement its Deposit by wire transfer or other immediately available funds so that, to the extent necessary, such deposit equals 10% of the Successful Bid.

(g) The second highest bidder shall be announced at the conclusion of the Auction and confirmed at the Sale Hearing as a "back up" bidder (the "**Backup Bidder**") whose final bid to acquire the

HF 6883078 v.2  #15230/0006 10/17/2011 07:31 PM
PH2 1044636v3 11/03/11
HF 6990819 v.2  #15230/0001 11/07/2011 04:23 PM
NY1 552991v1 11/11/11

8

BID PROCEDURES
HF DRAFT

        Property (the "<u>Backup Bid</u>") shall become the Successful Bid should the Successful Bid at Auction fail to consummate the purchase of the Property. The Deposit of the Back-Up Bidder will be returned within two business days after the closing of the Successful Bid.

    (h)    Following the hearing approving the Sale of the Property to the Successful Bidder, if such Successful Bidder fails to timely consummate an approved sale in accordance with the agreement of sale, the Successful Bidder shall forfeit its deposit to the Trustee and the Back-Up Bidder will be deemed to be the Successful Bidder and the Trustee will be authorized to consummate the sale with the Back-Up Bidder without further order of the Bankruptcy Court. If the Back-Up Bidder is unable or unwilling to close the sale in the time permitted, subject to the Back-Up Bidder's rights under its agreement of sale, the Back-Up Bidder shall forfeit its Deposit to the Trustee.

11. **Sale Hearing**

The Successful Bid will be subject to approval by entry of an order (the "**Sale Order**") by the Bankruptcy Court after a hearing (the "**Sale Hearing**") that will take place on January 17, 2012 at 10:00 a.m. (prevailing Eastern Time).

Objections, if any, to the Sale Motion shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Trustee's counsel, Kathleen Aiello, Esq., Fox Rothschild, 100 Park Avenue, Suite 1500, New York, New York 10017; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Greg Zipes, Esq. and Susan Golden, Esq.; (c) counsel to the Purchaser, Herrick, Feinstein LLP, 2 Park Avenue, New York, New York 10016, Attn: Carl F. Schwartz, Esq., and (d) those who have filed a notice of appearance in the Debtor's bankruptcy case, so as to be actually received by 4:00 p.m. (prevailing Eastern Time) on January 9, 2012 (the "**Sale Objection Deadline**").

HF 6883078 v.2 #15230/0006 10/17/2011 07:31 PM
PH2 1044636v3 11/03/11
HF 6990819 v.2 #15230/0001 11/07/2011 04:23 PM
NY1 552991v1 11/11/11

9

12. **Extension of Deadlines and Modification of Bid Procedures**

The Trustee reserves the right to modify the Bidding Procedures prior to the Auction, including, extending the deadlines set forth herein by no more than five business days, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice, in each case for no more than five days; provided, however, that the Purchasers' consent will be required for any modification of any rights, benefits or terms set forth in the Contract, including without limitation any modification to the terms on which the Break-Up Fee will be paid, and provided further, however, that the closing on the sale will close on or before February 2, 2012.

13. **Jurisdiction**

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the Sale of the Property, the Bidding Procedures, the Sale Hearing, the Auction, the Successful Bid, and/or any other matter that in any way relates to the foregoing.

HF 6883078 v.2  #15230/0006 10/17/2011 07:31 PM
PH2 1044636v3 11/03/11
HF 6990819 v.2  #15230/0001 11/07/2011 04:23 PM
NY1 552991v1 11/11/11

10